UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-21029-BLOOM/Louis

DOUG LONGHINI,

    Plaintiff,

v.

JSJ REALTY HOLDINGS, INC.,

    Defendant.
_____/

## ORDER REQUIRING VERIFIED CERTIFICATE OF COUNSEL, SCHEDULING REPORT, AND CERTIFICATES OF INTERESTED PARTIES[1]

**THIS CAUSE** is before the Court upon a *sua sponte* examination of the record. The Complaint alleges violations by the Defendant of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, *et seq*. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

### Verified Certificate of Counsel

1. **On or before March 13, 2020**, Counsel for Plaintiff shall file a verified statement reflecting:

    a. Whether or not counsel has conducted a search of case filings in the records of the Clerk of the United States District Court for the Southern District of Florida to ascertain whether Defendant or Defendant's property has ever been sued <u>prior to the filing of this suit</u> for alleged violations for the same, similar, or any, violations of the ADA. If such a search was not made prior to filing suit, counsel shall conduct such a search of the records prior to responding to this order and indicate the results of such search.

---

[1] The parties must not include Judge Bloom and the assigned U.S. Magistrate Judge as interested parties unless they have an interest in the litigation.

    b. If there has been a prior suit of the nature referred to in the above paragraph, counsel shall state the present status of that litigation, pending, and, if not pending, the nature of the disposition (i.e., settlement, dismissal, other).

    c. If there was such litigation and it was disposed of by settlement, counsel shall furnish to the Court specific details of the settlement, including any agreement for attorney's fees and costs, either known to him or her or ascertainable by him or her with reasonable inquiry. Copies of these documents shall be furnished with the response to this order. Counsel shall also inform the Court of whether Defendant (and/or property owned by Defendant and the subject matter of this suit) has complied with any settlement agreement and, if not, what actions Defendant must take to comply with the settlement agreement entered into in the prior litigation.

    d. Counsel shall state what efforts were taken by the parties to the prior litigation to enforce the terms of any settlement, agreement entered into in any prior litigation. Namely, counsel shall indicate whether the property owner made any of the necessary repairs to the property to try to bring it into compliance with the ADA, and, if not, what efforts the parties in the prior litigation have taken to enforce the settlement agreement entered into in that prior litigation.

**Joint Scheduling Report**

2. **Within twenty-one (21) days of an appearance by a Defendant in this case**, the parties shall prepare and file a joint scheduling report, as required by Local Rule 16.1. The joint scheduling report and proposed order shall include all information required by Local Rule 16.1(b)(2) and (3). In addition, at the time of filing the joint scheduling report, the parties, including governmental parties, must file certificates of interested parties and corporate disclosure statements that contain

a complete list of persons, associated persons, firms, partnerships, or corporations that have a financial interest in the outcome of this case, including subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a party (to the extent they have not already done so). Throughout the pendency of the action, the parties are under a continuing obligation to amend, correct, and update the certificates.

*Detailed Discovery Schedule*: Local Rule 16.1(a) provides for a differentiated case management system based on the complexity of each case and the requirement for judicial involvement. It is the Court's practice to set ADA cases on an expedited case track.

- Expedited track cases are relatively non-complex, require 1 to 3 days of trial, and between 90 and 179 days for discovery from the date of the scheduling order.

If the parties believe that this case should be placed on a different track, the parties must set out the reasons justifying a more prolonged schedule.

"The following factors [are] considered in evaluating and assigning cases to a particular track the complexity of the case, number of parties, number of expert witnesses, volume of evidence, problems locating or preserving evidence, time estimated by the parties for discovery and time reasonably required for trial, among other factors." S.D. Fla. L.R. 16.1(a)(3).

Fed. R. Civ. P. 26(b)(1) allows discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The parties shall participate in good faith in developing a detailed discovery plan, including any agreed-upon limitation on scope, frequency and the extent of discovery. The parties shall include in their scheduling report any unique discovery matters, including any electronically

stored information that should be preserved and accessed. The parties shall establish a detailed schedule for the preservation, disclosure and access of each different type or category of electronically stored information.

Consistent with the differentiated case management system, other relevant local rules (such as Local Rule 16.2, regarding mediation), and the twin goals of expeditious and attentive case management, the Court anticipates the following scheduling deadlines in the run of cases:

- Selection of a mediator and scheduling of a time, date and place for mediation within 30 days of the scheduling order.
- Deadline to amend pleadings and join parties within 60 days of the scheduling order.
- Completion of all discovery consistent with the case management track guidelines, and 120 days prior to trial.
- Completion of mediation prior to the deadline for dispositive pre-trial motions.
- Deadline for dispositive pre-trial motions and *Daubert* motions (which include motions to strike experts) 100 days prior to trial.
- Deadline for submission of joint pre-trial stipulation, proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, 40 days prior to trial.
- Calendar call one week prior to trial.

Those deadlines are not exhaustive of deadlines which may be set in the scheduling order.

The parties should address their joint scheduling report and their proposed pre-trial deadlines both to the differentiated case management system and to the Court's anticipated deadlines. The parties are encouraged to explain their proposed deadlines in light of those overarching guidelines, including as to the factors listed in Local Rule 16.1(a)(3). **The parties are cautioned that if they fail to submit a joint scheduling report by the applicable deadline, the Court may unilaterally set this case on a case management track in accordance with Local Rule 16.1(a) and calculated as if the scheduling report had been timely filed.**

As part of the joint scheduling report, the parties shall jointly complete and file with the

4

Case No. 20-cv-21029-BLOOM/Louis

Court the *Election to Jurisdiction by a United States Magistrate Judge for Final Disposition of Motions* appended to this Order at **Attachment A**. The Court will not accept unilateral submissions. A "Yes" should be checked only if all parties agree. If the parties consent to a full disposition of the case by the Magistrate Judge, including trial and entry of final judgment, the parties shall jointly file the *Election to Jurisdiction* form appended to this Order as **Attachment B**. The parties are advised that even if they do not consent to jurisdiction by the Magistrate Judge, in accordance with 28 U.S.C. § 636(b), the Court may still refer motions to the Magistrate Judge for a report and recommendations.

The parties are advised that the failure to comply with any of the procedures contained in this Order or the Local Rules may result in the imposition of appropriate sanctions, including, but not limited to, the dismissal of this action or entry of default.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 6, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-21029-BLOOM/Louis**

DOUG LONGHINI,

      Plaintiff,

v.

JSJ REALTY HOLDINGS, INC.,

      Defendant.
_____/

**ELECTION TO JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS**

      In accordance with the provisions of 28 U.S.C. § 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

      1. Motions for Costs                           Yes _____ No _____

      2. Motions for Attorney's Fees            Yes _____ No _____

      3. Motions for Sanctions                   Yes _____ No _____

      4. Motions to Dismiss                       Yes _____ No _____

      5. Motions for Summary Judgment       Yes _____ No _____


_____    _____
(Date)            (Signature—Plaintiff's Counsel or Plaintiff if *pro se*)


_____    _____
(Date)            (Signature—Defendant's Counsel or Defendant if *pro se*)

Attachment A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-21029-BLOOM/Louis

DOUG LONGHINI,

    Plaintiff,

v.

JSJ REALTY HOLDINGS, INC.,

    Defendant.

_____/

### MAGISTRATE JUDGE JURISDICTION FOR TRIAL

In accordance with the provisions of 28 U.S.C. § 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge conduct any and all further proceedings in the case, including TRIAL, and entry of final judgment with respect thereto.

_____     _____
(Date)              (Signature—Plaintiff's Counsel or Plaintiff if *pro se*)


_____     _____
(Date)              (Signature—Defendant's Counsel or Defendant if *pro se*)


Attachment B